IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                          Case No. 1:22-cr-00884 KWR

RAYDELL BILLY,
ALVIN JOHN WHITE, and
RAYNORMA RAE BILLY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion for Pretrial Production of Alleged Co-Conspirator Statements and Pre-trial Hearing on their Admissibility **(Doc. 55)**. Having reviewed the parties' pleadings, their arguments at the hearing, and the applicable law, the Court finds that the motion is well taken in part and, therefore, is **GRANTED IN PART.**

In the briefing and at the hearing, the Government clarified it would not seek to admit any *James* statements. Rather, the Government seeks to introduce certain *Bruton* statements. *See* **Doc. 82.** Defendants Alvin White and Raydell Billy objected to the admission of one *Bruton* statement. *See* **Docs. 102, 104.** Ms. Billy did not object to the admission of any of the Government's proposed *Bruton* statements. **Doc. 103.** For the reasons stated below, the Court will exclude the following *Bruton* statement from the trial of Raydell Billy and Alvin White.

FBI Agent William Berry interviewed Defendant Raynorma Rae Billy. The Government seeks to introduce the following statement from Ms. Billy:

Q: So you drive your Lincoln Navigator. Who else is with you?

     **A: It was only us three.**

**Doc. 82 at 4** (emphasis added).  This is the only *Bruton* statement offered by the Government to which Defendants Alvin White and Raydell Billy object. *See* **Docs. 82 (government's proffered *Bruton* statements); Docs. 102, 104 (defendant's objections).**

     Mr. Billy argues that one of the alleged overt acts within the conspiracy consisted of Ms. Billy driving the three co-defendants to the victim's house.  *See* Doc. 19 at 4 (indictment).  The indictment provides that the manner and means by which they sought to accomplish the objectives of the conspiracy included:

     c. Driving to the location of the assault in the same vehicle.

**Doc. 19 at 4.**

     Defendants argue that the statement "it was only us three" is facially inculpatory.  The Court agrees. In "*Bruton,* the Supreme Court held that the admission of a nontestifying codefendant's confession implicating the defendant at their joint trial violates the defendant's Sixth Amendment Confrontation Clause rights." *United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007), *citing Bruton,* 391 U.S. at 137, 88 S.Ct. 1620; *see also United States v. Sarracino,* 340 F.3d 1148, 1159–60 (10th Cir.2003).

     However, "the *Bruton* rule does not apply to "statements that are not directly inculpatory but only inferentially incriminating." *Nash*, 482 F.3d at 1218.  Only in those narrow circumstances "where the inculpatory inference can be made immediately in the mind of a reasonable juror [,] is the statement protected by *Bruton* and any curative instruction insufficient." *United States v. Rahseparian*, 231 F.3d 1267, 1277 (10th Cir. 2000). In *Gray,* the United States Supreme Court "determined whether a statement made by a co-defendant was accusatory as opposed to inferentially incriminating by assessing how direct and 'vivid' the statement was and how quickly

2

the jury could make a negative inference from it." *Rahseparian*, 231 F.3d at 1278, *citing Gray*, 523 U.S. at 196, 118 S.Ct. 1151.

"Where…it is obvious from consideration of the confession as a whole that the redacted term was a reference to the defendant, then admission of the confession violates *Bruton,* regardless of whether the redaction was accomplished by use of a neutral pronoun or otherwise." *United States v. Verduzco-Martinez*, 186 F.3d 1208, 1214 (10th Cir. 1999).

Here, the phrase "it was only us three", referring to those in the Lincoln Navigator, clearly and unambiguously refers to the three defendants. There are three co-defendants, and they are charged with driving to R.B.'s house as part of a conspiracy to assault the victim, E.W. The act of driving to the house is an overt act taken to allegedly accomplish the conspiracy. The Government suggests that "it was only us three" could refer to anyone. The Court finds that argument unpersuasive. It would be obvious that the phrase "it was only us three" referred to the three defendants. *United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007) (context and use of terms "partner" would lead jury to immediately understand they referred to co-defendants); *United States v. Payne,* 923 F.2d 595, 597 (8th Cir.1991) (holding that confession indicating plan to help "someone" escape from prison violated Confrontation Clause because everyone at trial knew that "someone" meant defendant).

Therefore, Defendant Raynorma Rae Billy's *Bruton* statement shall be excluded from the trial of Defendants Raydell Billy and Alvin White, as described above.

**IT IS THEREFORE ORDERED** that the Defendants' Motion for Pretrial Production of Alleged Co-Conspirator Statements and Pre-trial Hearing on their Admissibility (**Doc. 55**) is hereby **GRANTED IN PART.**

3

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE